IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD BECKER,

    Plaintiff,                    No. CIV S-03-1333 FCD KJM P

    vs.

J. E. NEWLIN, et al.,

    Defendants.              FINDINGS AND RECOMMENDATIONS

                              /

        Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendant Newlin's motion to dismiss is before the court.

        In his complaint, filed June 23, 2003, plaintiff alleges that in February of 2003, defendant Newlin maliciously revealed information regarding plaintiff's commitment offense to other inmates. Compl. at 5. Plaintiff alleges this caused plaintiff to get into a physical altercation with another inmate, during which plaintiff sustained injuries. Id.

        Defendant Newlin argues that plaintiff failed to exhaust administrative remedies with respect to his claims prior to filing suit. A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). It is defendant Newlin's burden to show that plaintiff failed to exhaust. Id. In deciding a motion to dismiss for a failure

1

to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1120. If the district court concludes that plaintiff has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. Id.

Section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). California prison regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a prisoner has received a "Director's Level Decision" (completed third level review) with respect to his claims. Cal. Code Regs. tit. 15, § 3084.5. All steps must be completed before a civil rights action is filed, unless a step is not available to an inmate for some reason. A prisoner whose grievance has been denied as untimely has exhausted administrate remedies. Ngo v. Woodford, 403 F.3d 620 (9th Cir. 2005). Exhaustion during the pendency of the litigation, however, will not save an action from dismissal. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).

In his complaint, plaintiff indicates he filed an inmate grievance regarding defendant Newlin's actions at the second level, where it was denied. Compl. at 6. Defendant Newlin has submitted declarations showing that plaintiff did not file his grievance concerning defendant Newlin at any level, including at the "Director's Level." Because plaintiff did not exhaust administrative remedies with respect to the claims against defendant Newlin presented in this action, this action must be dismissed.[1]

---

[1] In his opposition to defendant Newlin's motion, plaintiff asserts that he filed several grievances, but none went past the first level where they were met with "ridicule" and threats from staff. Opp'n at 1. The court cannot consider the assertions provided in plaintiff's opposition, which differ from the information provided in plaintiff's complaint, as plaintiff has not verified the more recent information under penalty of perjury. See September 2, 2004 Order at 3:14-4:7; 28 U.S.C. § 1746. In any case, plaintiff's assertions are vague as plaintiff fails to specify the content of the grievances he allegedly filed and fails to provide any specific facts evidencing retaliation for filing grievances.

1   In accordance with the above, IT IS HEREBY RECOMMENDED that:

2   1. Defendant Newlin's November 5, 2004 motion to dismiss be granted; and

3   2. This action be dismissed without prejudice for failure to exhaust available administrative remedies prior to filing suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within five days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 23, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

---

1
beck1333.57